UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY MIRELES,
on behalf of S.M.M., a minor child,

       Plaintiff,

v.                                                Case No. 1:13-cv-699
                                                  Hon. Hugh W. Brenneman, Jr.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**OPINION**

Plaintiff[1] brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for social security income (SSI).

Plaintiff was born on February 28, 2001 (AR 24).[2] An application for SSI was filed on behalf of plaintiff on July 30, 2010 (AR 21). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) held a hearing, reviewed plaintiff's claim *de novo*, and entered a decision denying the claim on March 1, 2012 (AR 21-32). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the court for review.

**I.  LEGAL STANDARD**

---

[1] Although Michael Anthony Mireles is the nominal plaintiff, the term "plaintiff" herein shall refer to his minor child, S.M.M., the real party in interest. The court notes that the Administrative Law Judge's decision refers to the minor, S.M.M., as "the claimant."

[2] Citations to the administrative record will be referenced as (AR "page #").

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). An individual under the age of 18 shall be considered disabled if the child

> has a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which can be expected to result in death, or which has lasted, or can be expected to last for a continuous period of not less than 12 months.

2

42 U.S.C. § 1382c(a)(3)(C)(i).

> There is a three step process in determining whether a child is "disabled" under the new definition set forth in the Act. First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. § 416.924.

*Elam ex rel. Golay v. Commissioner of Social Security*, 348 F.3d 124, 125 (6th Cir. 2003). *See also*, *Kelly v. Commissioner of Social Security*, 314 Fed. Appx. 827, 832 (6th Cir. 2009) (listing framework for a three-step inquiry).

Whether a child's impairment functionally equals a listed impairment is determined by a review of six "domains" which measure the child's ability to function: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and, (vi) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). To establish "functional equivalence" of a listed impairment, the claimant has to show either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). Under the regulations, a "marked limitation" in a domain "interferes seriously with your ability to independently initiate, sustain, or complete activities," while an "extreme limitation" in a domain 'interferes very seriously with your ability to independently initiate, sustain, or complete activities." *See* § 416.926a(e)(2)(i) and (3)(i).

## II. ALJ'S DECISION

Following the three steps, the ALJ first found that plaintiff was born on February 28, 2001, a school-age child when the application was filed on the July 30, 2010, and is currently a school-age child under the regulations (20 C.F.R. § 416.926a(g)(2)) (AR 24). Plaintiff has not engaged in substantial gainful activity since the July 30, 2010 application date (AR 24). At the

3

second step, the ALJ found that plaintiff had severe impairments of: attention deficit hyperactivity disorder (ADHD); disruptive behavior disorder; and learning disorder (AR 24).

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets, medically equals or functionally equals on of the listed impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 26). In making this determination, the ALJ evaluated the six domains as follows:

<u>First Domain</u>. Plaintiff had "less than marked limitation in acquiring and using information" (AR 28).

<u>Second Domain</u>. Plaintiff had "less than marked limitation in attending and completing tasks" (AR 29).

<u>Third Domain</u>. Plaintiff had a "less than marked limitation in interacting and relating with others" (AR 30).

<u>Fourth Domain</u>. Plaintiff had "no limitation in moving about and manipulating objects" (AR 30).

<u>Fifth Domain</u>. Plaintiff had "less than marked limitation in the ability to care for himself" (AR 31).

<u>Sixth Domain</u>. Plaintiff had "no limitation in health and physical well-being" (AR32).

Based on this record, the ALJ concluded that plaintiff was not under a "disability" as defined in the Social Security Act since filing the application for SSI on July 30, 2010 (AR 32).

**III. ANALYSIS**

Plaintiff raised three issues on appeal:

> **A.  Does the decision of the ALJ rely upon factual and legal error in its incorrect evaluation of the evidence of the non examining consultant, and a treating physician?**

Plaintiff contends that the ALJ failed to properly evaluate the written opinions of Joseph Jeney, Ph.D., and the opinions of the non-examining medical expert (ME), Ashmir Kumar, M.D. (AR 136), who testified at the administrative hearing.  As an initial matter, plaintiff contends that Dr. Jeney was subject to deference as a treating physician.  The Court disagrees.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating plaintiff's alleged disability.  *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997).  "The treating physician doctrine is based on the assumption that a medical professional who has dealt with a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994).  *See* 20 C.F.R. § 416.927(c)(2) ("Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations").

The ALJ described Dr. Jeney's limited involvement with plaintiff as follows:

>      In December 2009, claimant underwent evaluation with school psychologist, Ian LeVine, Ed. S. for possible special education services. He had been diagnosed with attention deficit hyperactivity disorder (ADHD) and he has a history of delayed learning of basic academic skills and special education services were recommended. Claimant also saw school social worker, Gregory Schma, LMSW, who also recommended special education services due to his difficulties with attention and impulse control problems. Claimant was noted to have poor focus, over excitement, lack of work completion, and poorly calibrated social skills. An Individualized Education Program (IEP) Team Report was conducted in December 2009 and it was found that claimant was eligible for special education services under the other health impairment rule. Licensed Psychologist, Joseph Jeney, Ph.D., wrote a letter in June 2010, with the opinion that claimant should have special education services because of his emotional and academic difficulties (Exhibits 2F and 3F).
>
>      Claimant underwent an additional psychological evaluation with Dr. Jeney, in September 2010, and was diagnosed with ADHD, combined type; learning disorder, not otherwise specified; and disruptive behavior disorder, not otherwise specified. Dr. Jeney noted that claimant has serious difficulties with attention, concentration, judgment, and impulsivity, resulting in poor school performance and oppositional and disruptive behaviors in school and at home. In a letter dated November 9, 2010, Dr. Jeney stated claimant does not have a speech problem. He was reluctant to talk during the evaluation, but his speech was normal (Exhibits 5F and 6F).
>
>                          *     *     *
>
>      On September 12, 2011, Dr. Jeney completed a Childhood Disability Evaluation Form and indicated that based on the psychological evaluation he conducted (Exhibit 5F), claimant has marked limitations in acquiring and using information, attending and completing tasks, and interacting and relating with others. Dr. Jeney did not evaluate the domains of moving about and manipulating objects, carrying for Yourself, and health and physical well-being. Dr. Jeney added that he has not interviewed the claimant since October 2010 (Exhibit 10F).

(AR 24-25).

The record reflects that Dr. Jeney acted as a consultant to evaluate plaintiff at the request of plaintiff's teacher, mother and father (AR 265, 333). Under the circumstances of this case, Dr. Jeney's involvement was that of a nontreating source. *See* 20 C.F.R. § 416.902 (defining nontreating source as "a physician, psychologist, or other acceptable medical source who has

examined you but does not have, or did not have, an ongoing treatment relationship with you"). *See, e.g., Alworden ex rel. K.L.A. v. Commissioner*, No. 1:09-cv-1040, 2011 WL 1118611 at *4 (W.D. Mich. Jan.24, 2011) (report and recommendation), adopted 2011 WL 1102848 (March 25, 2011) (school psychologist who evaluated plaintiff two times (in 2003 and 2006) is not entitled to deference as that of a treating source); *Connell L. v. Astrue*, No. 1:09-cv-00991, 2010 WL 3185859 at *9-10 (E.D. Cal. Aug. 11, 2010) (a school psychologist who evaluates a child's disability for preparation of an IEP is not entitled to deference as a treating source under 20 C.F.R. § 416.902).

Here, the ALJ adopted the opinions of the ME:

> To assist in evaluation of the claimant's impairments the undersigned arranged for the testimony of a neutral medical expert. After listening to the testimony and reviewing the medical records in the exhibit file, Dr. Kumar testified that claimant has severe impairments consisting of ADHD, disruptive behavior, and learning disorder. These impairments do not meet or equal any listing. Regarding functional limitations, Dr. Kumar testified that claimant would have no limitations in moving about and manipulating objects and in health and physical well-being. He has less than marked limitations in the remaining categories.

(AR 26).

The ALJ could properly rely on the ME's opinion. The ME examined plaintiff's medical records, listened to plaintiff's testimony, and questioned both the plaintiff and his father about plaintiff's condition (AR 56-57). The regulations provide that ALJs may "ask for and consider opinions from medical experts on the nature and severity of your impairment(s) and on whether your impairment(s) equals the requirements of any impairment listed in appendix 1 to subpart P of part 404 of this chapter." 20 C.F.R. § 416.927(e)(2)(iii). In addition, an ALJ may rely on the opinions of the state agency physicians and medical experts who reviewed plaintiff's file. *See* 20 C.F.R. § 416.927(e)(2)(i) ("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians,

psychologists, and other medical specialists who are also experts in Social Security disability evaluation"). *See Atterberry v. Secretary of Health & Social Services*, 871 F.2d 567, 570 (6th Cir. 1989) (a non-examining medical expert's opinion "based upon the objective evidence of medical reports made by the claimant's treating physicians and testimony given by the claimant himself" which is consistent with the evidence of record can constitute substantial evidence to support an ALJ's decision). Accordingly, plaintiff's claim of error will be denied.

> **B. Has the Commissioner denied the plaintiff's right to due process by the plaintiff's right to cross-examination of the "medical expert"?**

It is well established that due process requires that a social security hearing be "full and fair." *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996), *citing Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). Here, plaintiff contends that his due process rights were violated because his counsel was not allowed to cross-examine the ME at the administrative hearing.

The regulations provide that both the ALJ, the parties and the parties' representatives may question witnesses appearing at an administrative hearing:

> (e) Witnesses at a hearing. Witnesses may appear at a hearing in person or, when the conditions in § 404.936(c)(2) exist, by video teleconferencing or telephone. They will testify under oath or affirmation unless the administrative law judge finds an important reason to excuse them from taking an oath or affirmation. The administrative law judge may ask the witness any questions material to the issues and will allow the parties or their designated representatives to do so.

20 C.F.R. § 416.1450(e). The record reflects that the ME asked plaintiff's father some questions regarding plaintiff's treatment (AR 57-59) and asked plaintiff about his interaction with the family pet dogs and other activities (e.g., riding a bike, reading books and using a computer) (AR 59-61). When the ME completed his questioning, the ALJ asked the ME for opinions about the nature and severity of plaintiff's impairments, and whether those impairments met or equaled a listed

impairment (AR 61-64). Plaintiff''s counsel was given an opportunity to ask the ME about those opinions (AR 64-65). During counsel's examination of the ME, the ALJ asked counsel to clarify his line of questioning which appeared to ask about the ME's opinions in other cases (AR 65-66). Shortly thereafter, counsel asked the ME if the doctor "would be in a better position" to "fill in the details" about plaintiff's condition "if you [i.e., the ME] were able to conduct a full clinical interview?" (AR 66-67). The ALJ rejected this line of questioning:

> Okay, that I'm not going to allow, Mr. O'Rourke. He is testifying as a medical expert, not a consultative examiner. Question is denied. Please move on.

(AR 67). Despite given the opportunity to continue questioning the ME, plaintiff's counsel stated, "I have nothing further, Your Honor" (AR 67).

The ALJ's decision did not violate plaintiff's due process rights. Plaintiff's counsel had an opportunity to examine the ME. The ALJ intervened in the questioning only when counsel attempted to ask questions which went beyond the scope of the ME's involvement. Counsel had an opportunity to pursue other lines of questioning, but declined. Accordingly, plaintiff's claim of error will be denied.

### C. Does the matter require remand for development of the record due to relevant portions of evidence which are "illegible"?

Plaintiff contends that there are illegible portions of the administrative hearing transcript which "could represent significant and relevant testimony of importance to the determination of the merits." Plaintiff points to one example in the ME's testimony. Although plaintiff does not cite the page of this testimony the Court has located the relevant portion of the transcript, which reads as follows:

| | |
|---|---|
| ATTY: | Well, it's -- basically what I want to know is if it is considered normal behavior to have the type of complaints that [plaintiff] has with regard to his behavior in school. |
| ALJ: | Okay. That I'll allow. |
| ME: | I think it also depends on the school system and (INAUDIBLE). So if -- the school system, the teachers and, you know, how compulsive they are. There are issues there, but in my opinion they do not meet -- to the marked or less than marked (INAUDIBLE). I mean I'm not denying that (INAUDIBLE). |

(AR 66).

There is no question that a portion of the ME's testimony was not transcribed. However, plaintiff has not shown any prejudice resulting from the portion of the testimony cited in his brief. *See Williams v. Barnhart*, 289 F.3d 556, 557-58 (8th Cir. 2002) ("[a]bsent an indication that the missing portion of the transcript would bolster appellant's arguments or prevent judicial review, this Court will not remand a case based upon inaudible portions of the record"). Here, plaintiff has not made such a showing. Rather, plaintiff speculates that, "[c]ertainly testimony of a witness beginning with 'I am not denying that . . .' may produce a response of interest to the Court in evaluating an appeal." Plaintiff's Brief at p. 15. "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994). Furthermore, the Court notes that plaintiff's counsel in this appeal has first-hand knowledge of the administrative proceedings, having represented plaintiff at that hearing and posed that question to the ME (AR 37-39). This is not a case where an appeal is being brought by appellate counsel having no actual knowledge of the administrative proceedings. Accordingly, plaintiff's claim of error will be denied.

### IV. Conclusion

The ALJ's determination is supported by substantial evidence. Accordingly, the Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion shall be issued forthwith.


Dated: September 29, 2014                                        /s/ Hugh W. Brenneman, Jr.
                                                                 HUGH W. BRENNEMAN, JR.
                                                                 United States Magistrate Judge